IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CV-4-F[1]

| | |
|---|---|
| WAKE COUNTY HUMAN SERVICES, ) ) Plaintiff, ) ) v. ) ) WILLIAM SCOTT DAVIS, JR., ) ) Defendant. ) | **ORDER and MEMORANDUM and RECOMMENDATION** |

The above-captioned matter is before the court on the motion (D.E. 11)[2] by defendant William Scott Davis, Jr. ("Davis") to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and the associated frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). The motion was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and the frivolity review pursuant to § 636(b)(1)(B). Also before the court are several other motions filed by Davis.[3] All of these motions were filed prematurely given that Davis has not yet been granted leave to proceed with this action without prepayment of the filing fee.

## ORDER ON *IN FORMA PAUPERIS* MOTION

Based on the information in the motion to proceed *in forma pauperis*, the court finds that Davis has adequately demonstrated his inability to prepay the required court costs. His motion

---

[1] This matter was originally docketed as a miscellaneous case ("MC") under docket number 5:12-MC-38 due to Davis's failure to either pay a filing fee or submit an application to proceed *in forma pauperis*.

[2] This is the second motion to proceed *in forma pauperis* filed in this matter. An earlier motion was filed at D.E. 4 and contains substantially the same information as the second motion. The court will address the second motion because it presumably reflects a more current picture of Davis's financial situation.

[3] These motions include: two motions for extension of time to file various documents (D.E. 5, 8); a motion to change venue (D.E. 6); a motion to appoint counsel (D.E. 9); and a motion for leave to file an amended complaint (D.E. 10).

(D.E. 11) to proceed *in forma pauperis* is therefore ALLOWED. Davis's earlier motion (D.E. 4) to proceed *in forma pauperis* is DENIED AS MOOT.

## MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

I. BACKGROUND

A. Davis's History of Filing Frivolous Actions

The present action is just one in a litany of cases that Davis has attempted to bring in this and other courts in his pursuit of a confusing and expansive array of claims arising out of proceedings in the state of North Carolina involving Davis's custodial rights to his daughter and other related domestic matters. The disorganized and sometimes incoherent manner in which Davis has attempted to present his claims in these actions, often through voluminous and repetitive filings, makes them, at best, difficult to comprehend. A previous order by Senior United States District Judge James C. Fox dismissing one of Davis's actions as frivolous sets forth an apt summary of the seemingly boundless scope of the alleged transgressions against Davis:

> As best the court can tell, most of [Davis's] "claims" are oriented around what he alleges is a grand conspiracy involving the coordinated efforts of dozens, if not hundreds, of public and private persons to deny him his custodial rights to his daughter, convict him of fabricated criminal charges, perpetrate extensive fraud on the state courts of North Carolina, and otherwise destroy his life and violate his rights under federal law. [Davis] appears to believe that this conspiracy is primarily motivated by the defendants' discriminatory animus against him for, *inter alia*, his gender, his race, his interracial marriage, and his interracial child.

11 June 2012 Order (D.E. 10) at 10-11, *Davis v. State of N.C.*, No. 5:11-CT-3258-F (E.D.N.C.); *see also* 8 Aug. 2013 Order (D.E. 44) at 9, *Davis v. Mitchel*, No. 5:12-CV-493-F (E.D.N.C.) ("As best as the court can tell from [Davis's] rambling, disjointed complaints, he alleges that almost everyone tangentially connected to the proceedings was engaged in a conspiracy to deprive him of various rights.").

2
Case 5:14-cv-00004-F   Document 13   Filed 01/13/14   Page 2 of 9

As a result of Davis's incessant attempts to raise the same frivolous claims in this court, Judge Fox entered an order on 8 August 2013 directing Davis to show cause why he should not be subject to a pre-filing injunction. 8 Aug. 2013 Order (D.E. 44) at 2, *Davis v. Mitchel*, No. 5:12-CV-493-F (E.D.N.C.). In that order, Judge Fox noted that Davis has filed a total of nine cases in this court and that five additional cases have been transferred to this court from the Eastern District of Virginia,[4] *id*., and, further, that "[a]lmost every action has been summarily dismissed or remanded," *id*. at 3. Judge Fox's determination of whether a pre-filing injunction should be entered is currently pending.

The United States Court for the Eastern District of Virginia has also fallen victim to Davis's excessive filing. On 14 November 2013, Chief United States District Judge Rebecca Beach Smith issued a pre-filing injunction against Davis in that district, *see* 14 Nov. 2013 Order (D.E. 11), *Davis v. Jaworski, et al*, No. 4:13-CV-63 (E.D. Va.), for the reasons set forth in the predicate show-cause order, including "[h]is ongoing campaign of litigation [which] is vexatious, repetitive, and unduly burdensome to the court," *see id*., 21 May 2013 Order to Show Cause (D.E. 2) at 3. According to Chief Judge Beach Smith in the show-cause order, Davis had filed

---

[4] Specifically, Judge Fox noted as follows:

> Davis has filed four actions in this court. *See Davis v. State of North Carolina*, 5:11-CT-3258-F; *Davis v. Perdue*, 5:12-CV-593-FL, *Davis v. Shekita*, 5:12-CV-504-H; *Davis v. Bousman*, 5:12-mc-48. Five additional actions filed by Davis have been transferred to this district from the Eastern District of Virginia. *Davis v. Town of Cary*, 5:08-CV-176-BO, April 8, 2008 Order (order from the Eastern District of Virginia transferring the action to this district); *Davis v. Singer*, 5:08-CV-186-FL, April 15, 2008, Order (the same); *Davis v. Wilkinson*, 5:11-CV-31-BO, January 9, 2011, Order (the same); *Davis v. Hunt*, 5:11-CV-35-D, January 24,2011, Order (the same); *Davis v. Durham*, 5:11-CV-36-H, January 24,2011, Order (the same). Additionally, Davis has filed notice of removals in five different actions. *See Wake County Human Services v. Davis*, 5:12- CV-413-BO, December 12, 2012, Order (adopting M&R and ordering that the removed action be remanded to Wake County District Court); *State of North Carolina v. Davis*, 5:13-mc-43, June 3, 2013, Notice of Removal; *Wake County Human Services v. Davis*, 5:12-mc-37, July 5, 2013, Notice of Removal; *Wake County Human Services v. Davis*, 5:12-mc-38 [*i.e.*, the instant case prior to being reassigned the current civil case number], July 5, 2013, Notice of Removal; *Wake County Human Services v. Davis*, July 5, 2013, Notice of Removal.

8 Aug. 2013 Order at 2, *Davis v. Mitchel*.

3

Case 5:14-cv-00004-F   Document 13   Filed 01/13/14   Page 3 of 9

30 actions in that district since 2008. *Id*. at 1. And, except for two that remained pending, all had been dismissed. *Id*. at 1-2.

The state courts of North Carolina, where most of the matters forming the basis of Davis's various claims originated, have also been subjected to Davis's abusive filing. As a result, Wake County Human Services ("WCHS"), the plaintiff in the instant matter, brought a civil action against Davis on 17 March 2009 for abuse of process arising out of Davis's misuse of the legal process and seeking damages and injunctive relief in the form of a pre-filing injunction. (*See* WCHS Mot. to Strike Not. of Rem. (D.E. 5) 2; 17 Mar. 2009 Compl. (D.E. 5-1) 4-16). On 12 September 2012, Wake County Superior Court Judge Paul C. Ridgeway awarded judgment to WCHS and entered a permanent injunction against Davis prohibiting further filing by him in any North Carolina court without first seeking permission from the court or obtaining a Rule 11 certification from a duly licensed North Carolina attorney. (*See generally* 12 Sept. 2012 J. (D.E. 5-2)). In the judgment and pre-filing injunction order, Judge Ridgeway made the following findings of fact:

> 5. Defendant has repeatedly engaged in conduct that has impeded the proper administration of justice, abused process and violated numerous provisions and rules intended to protect the dignity and integrity of the judicial process.
>
> 6 Defendant has filed numerous unsubstantiated allegations both orally and in writing, frivolous filings both in a juvenile proceeding in District Court in which he is involved, and in other courts.
>
> 7. The court finds that in some filings defendant has breached confidentiality statutes, filed frivolous appeals, petitions for certiorari and attempted ex parte communications to the presiding judge in the underlying juvenile case.
>
> 8. Defendant has engaged in a constant pattern of filing frivolous suits, complaints to regulatory agencies and frivolous pleadings against numerous individuals including lawyers, judges and social workers . . . .

4

(*Id*. at 2 ¶¶ 5-8). Judge Ridgeway further concluded that Davis was "a vexatious litigant whose access to the courts is being abused and misapplied for oppressive and vexatious ends." (*Id*. at 7 ¶ 3).

### B. The Instant Action

Consistent with his pattern of frivolous filing, Davis is again attempting in the instant action to raise claims related to or ultimately arising from domestic matters adjudicated by the state courts of North Carolina. Specifically, Davis is attempting to remove from Wake County District Court[5] a juvenile action (Case No. 07JT705) filed against him by WCHS on 26 May 2009. (*See* Not. of Rem. (D.E. 1) ¶ I). The specific nature of the case is not clear given that Davis did not include with the Notice of Removal copies of any complaint, petition, or other filings from the state court action.[6] Davis alleges federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity of citizenship jurisdiction under 28 U.S.C. § 1441(b). (*See* Not. of Rem. ¶ IV).

## II. DISCUSSION

### A. Applicable Legal Standards

After allowing a party to proceed *in forma pauperis*, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). The court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal.

---

[5] Formally, the North Carolina General Court of Justice, District Court Division, County of Wake.

[6] While Davis has failed to include with the Notice of Removal a "copy of all process, pleadings, and orders" served upon him in the state court action as required by 28 U.S.C. § 1446(a), the majority view is that the failure to include these documents "is merely procedural" and may be cured. *Riggs v. Fling Irrigation, Inc.*, 535 F. Supp. 2d 572, 579 (W.D.N.C. 2008) (citing *Riehl v. National Mut. Ins. Co.*, 374 F.2d 739, 742 (7th Cir. 1967) ("[T]he omission [of the complaint] was but a minor irregularity of no consequence.")). Nevertheless, the court need not determine whether Davis's noncompliance with § 1446(a) is curable in this case given the alternative grounds for disposition of this matter discussed below.

5

28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (standard for frivolousness). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). However, it is a party's "abuse of the legal process" which renders an action subject to dismissal as malicious. *Galeas v. Byrd*, No. 3:11-cv-543-RJ, 2011 WL 6370373, at *3 (W.D.N.C. 20 Dec. 2011); *see also Crisafi v. Holland,* 655 F.2d 1305, 1309 (D.C. Cir. 1981) ("A complaint plainly abusive of the judicial process is properly typed malicious."). An action may be abusive of the legal process where it "merely repeat[s] pending or previously litigated claims." *Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993); *see also Ballentine v. Crawford*, 563 F. Supp. 627, 629 (N.D. Ind. 1983) ("A complaint that merely repeats pending or previously litigated claims may be considered abusive and a court may look to its own records to determine whether a pleading repeats prior claims."). In determining whether an action should be dismissed as malicious under § 1915, "[a] plaintiff's past litigious conduct should inform a district court's discretion." *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (citing *In re McDonald,* 489 U.S. 180 (1989) (denying request to proceed *in forma pauperis* based, in part, on abusive number of filings)); *see also Cain v. Com. of Va.*, 982 F. Supp. 1132, 1136 (E.D. Va. 1997) ("[T]he Court draws on its previous experience with the litigant in evaluating the character of the present complaint.").

A court may also consider subject matter jurisdiction as part of the frivolity review. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL 397449, at *2-4 (D.S.C. 8 Jan. 2007) (discussing the lack of diversity jurisdiction during frivolity review as a basis for dismissal). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific

situations authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 336 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction.").

A requirement for removal of a case from state court is that the federal district court have original jurisdiction over the case. *See* 28 U.S.C. § 1441(a). A case that is improperly removed is subject to remand to the state court from which it came. *See* 28 U.S.C. § 1447(c). The court has the power to remand a case on its own motion when it is apparent that the case was improperly removed. *See, e.g., Deluca v. Mass. Mut. Life Ins. Co.,* No. 105CV00632OWWDLB, 2005 WL 1562033, at *3 (E.D. Cal. 28 June 2005); *S. & H. Grossinger, Inc. v. Hotel and Rest. Employees and Bartenders Int'l Union AFL-CIO, Local 343*, 272 F. Supp. 25, 27 (S.D.N.Y. 1967).

**B.     Analysis**

Based on Davis's lengthy history of filing claims repeatedly found to be frivolous by several courts, the current case is clearly subject to dismissal as malicious. *See Pittman,* 980 F.2d at 995. However, the court does not reach this issue here because it concludes, as a threshold matter, that it lacks subject matter jurisdiction over the juvenile case that Davis is attempting to remove pursuant to the domestic relations abstention doctrine.[7] This doctrine

---

[7] This court has, to date, applied the domestic relations abstention doctrine in dismissing or remanding four other cases brought by Davis. *See* 12 Dec. 2012 Order (D.E. 10), *Wake County Human Services v. Davis*, No. 5:12-CV-413-BO (E.D.N.C.) (adopting 24 Oct. 2012 Mem. & Rec. (D.E. 9) 3-4); 15 Apr. 2011 Order (D.E. 9), *Davis v. Hunt*, No. 5:11-CV-35-D (E.D.N.C.) (adopting 18 Mar. 2011 Mem. & Rec. (D.E. 8) 2-3); 4 April 2011 Order (D.E. 9) 5, *Davis v. Wilkinson*, No. 5:11-CV-31-BO (E.D.N.C.) (adopting 27 Jan. 2011 Mem. & Rec. (D.E. 6) 2); 14 July 2008 Order (D.E. 5), *Davis v. Singer*, No. 5:08-CV-186-FL (E.D.N.C.) (adopting 22 Apr. 2008 Mem. & Rec. (D.E. 4-2) 2).

holds that federal courts should generally abstain from hearing matters involving domestic relations, *i.e.*, divorce, child custody, alimony, and child support. *See Cole v. Cole*, 633 F.2d 1083, 1087 (4th Cir. 1980) ("[T]he district courts have no original diversity jurisdiction to grant a divorce, to award alimony, to determine child custody, or to decree visitation.")); *see also Buechold v. Ortiz*, 401 F.2d 371, 372 (9th Cir. 1968) ("[E]ven though there is diversity of citizenship and a sufficient amount in controversy to satisfy the technical jurisdictional requirements, the federal courts have no jurisdiction of suits to establish paternity and child support."). This doctrine is based on the notion that such matters are better handled by the states, which have the experience to deal with this specific area of the law. *See Ex parte Burrus*, 136 U.S. 586, 593-94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States.").

Davis's attempt to remove a state juvenile proceeding to this court is improper given that this court has no original jurisdiction over such actions as required by the removal statute. *See* 28 U.S.C. § 1441(a). The court's lack of subject matter jurisdiction over this proceeding requires that it be remanded to Wake County District Court.[8] *See Griessel v. Mobley*, 554 F. Supp. 2d 597, 601-602 (M.D.N.C. 2008) (mag. judge's rep. & recommendation) (recommending remand of mother's state action against father seeking change in custody arrangement and court-ordered child support on the grounds that federal courts lack jurisdiction to consider matters falling within the domestic relations exception (*citing Ankenbrandt v. Richards*, 504 U.S. 689 (1992)), *adopted*, Case No. 1:07-cv-722-NCT-RAE, 7 May 2008 Order (D.E. 18); *see also Abessolo v. Smith*, No. 1:11-CV-00680, 2012 WL 668773, at *2-4 (S.D. Ohio 29 Feb. 2012) (mag. judge's rep. & recommendation) (recommending dismissal of case for lack of subject matter jurisdiction

---

[8] Given this disposition, the court declines to address other possible bases for remand, such as the untimeliness of removal under 28 U.S.C. § 1441(b)(1).

under domestic relations abstention doctrine where plaintiff's claims, including allegations of child neglect, focused on child custody and related domestic issues), *adopted*, 2012 WL 1564321 (2 May 2012); *In re Rodgers*, Civ. Act. No. 5:06CV00071, 2006 WL 2728661, at *1-2 (W.D. Va. 25 Sept. 2006) (remanding child custody case removed from state court under domestic relations exception to diversity jurisdiction).

### III. CONCLUSION

For the foregoing reasons, it is RECOMMENDED that this action be REMANDED to Wake County District Court pursuant to 28 U.S.C. § 1447(c). It is FURTHER RECOMMENDED that the pending motions in this action (D.E. 5, 6, 8, 9,10) be DISMISSED as prematurely filed and moot, and terminated by the Clerk.

The Clerk shall send a copy of this Memorandum and Recommendation to Davis, who shall have 14 days from service thereof to file written objections. Failure to file timely written objections bars Davis from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this the 10th day of January 2014.

_____
James E. Gates
United States Magistrate Judge