UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-4-F

| WAKE COUNTY HUMAN SERVICES, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | ORDER |
|  | ) |  |
| WILLIAM SCOTT DAVIS, JR., | ) |  |
|  | ) |  |
| Defendant. | ) |  |

This matter is before the court on the Memorandum and Recommendation [DE-13] ("M&R") issued by United States Magistrate Judge James E. Gates. Therein, Judge Gates recommends that this action be remanded to the Wake County District Court pursuant to 28 U.S.C. § 1447(c), and that pending motions in this action be dismissed as moot. For the reasons stated below, the court accepts the recommendation set forth in the M&R, and ORDERS that this case be remanded to the Wake County District Court, and that all pending motions are denied as moot.

## I. BACKGROUND

This action was opened in this court when Defendant filed a Notice of Removal [DE-1] of a juvenile action (Case No. 07JT705) filed against him by Wake County Human Services ("WCHS") on May 26, 2009 in the North Carolina General Court of Justice, District Court Division, Wake County (hereinafter, the "Wake County District Court").[1] Consistent with the practice in this district,

---

[1] Although Defendant did not include with the Notice of Removal copies of any complaint, petition, or other filings from the state court action, the court takes judicial notice that Case No. 07JT705 was an action brought by the Wake County Human Services alleging that J.F.D., the biological daughter of Defendant, was neglected. During the course of those proceedings, Defendant's parental rights were terminated. *See In re J.D.*, No. COA10-422, 207 N.C. App. 377, 699 S.E.2d 686, 2010 WL 3860605 (N.C. Ct. App. Oct. 5, 2010); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (explaining that a federal court may take judicial notice of proceedings other courts, especially if

the case was designated as a miscellaneous case because Defendant neither filed a filing fee nor filed a motion for leave to proceed in forma pauperis. The miscellaneous case was assigned to Judge Gates.

A few weeks after Defendant filed the Notice of Removal, he filed a Motion for Leave to Proceed in forma pauperis [DE-4]. Defendant also filed a series of motions [DE-5; DE-6; DE-7; DE-8; DE-9; DE-10] over the next several months. Subsequently, the Clerk of Court issued a Reassignment Order [DE-12], stating that because Defendant had filed a motion to proceed in forma pauperis, the case was converted to a civil case, and assigned to a district judge. The case was randomly reassigned to the undersigned, and Judge Gates remained the assigned magistrate judge. *See* January 6, 2014, Order [DE-12].

Judge Gates then issued an Order and M&R [DE-13] which was filed on January 13, 2014, allowing Defendant's Motion for Leave to Proceed in forma pauperis [DE-4], but recommending, after conducting a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), that the action be remanded to state court. Judge Gates recounted Davis' history of frivolous and vexatious filings in this court, the District Court for the Eastern District of Virginia, and the courts of the State of North Carolina, and opined that the current action could be subject to dismissal as malicious. M&R [DE-13] pp. 2-5, 7. Judge Gates did not reach the issue, however, instead recommending that this action be remanded because the court lacks subject matter jurisdiction over this case. *Id.* p. 7.

Specifically, Judge Gates observed that "[a] requirement for removal of a case from state court is that the federal district court have original jurisdiction over the case," and that "[a] case that is improperly removed is subject to remand to the state court from which it came." *Id.* p. 7 (citing

---

those proceedings directly relate to the matter pending before the federal court).

2

28 U.S.C. § 1441(a) and § 1447(c)). Judge Gates then found that the application of the domestic relations abstention doctrine, *see Cole v. Cole*, 633 F.2d 1083, 1087 (4th Cir. 1980), precludes this court from having subject matter jurisdiction over this action–a state juvenile proceeding. M&R [DE-13] pp. 7-8.

The filing of the M&R set off a flurry of activity by Defendant, consistent with his history of vexatious filing in this court and others. In an order filed on January 27, 2014 [DE-21], the court denied Defendant's various "appeals" but allowed his motion for an extension of time to file an objection to the M&R, and set February 13, 2014 as the deadline for doing so. Defendant responded by filing his objection [DE-22]; a memorandum in support of his objection [DE-23]; a motion pursuant to Rule 58 [DE-24]; a motion pursuant to Rule 59 [DE-25]; another notice of appeal to undersigned [DE-26]; a motion for recusal as to Judge Gates [DE-27]; another objection [DE-28], and two more notices of appeal directed to the Fourth Circuit Court of Appeals [DE-30; DE-32].

## II. JURISDICTION TO CONSIDER M&R AND PENDING MOTIONS

Before reaching the M&R and Defendant's various pending motions, the court first addresses the impact, if any, of Defendant's filing of a notice of appeal [DE-30] directed to the Fourth Circuit. Generally, the filing of a notice of appeal "confers jurisdiction on the courts of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (citation omitted). There are exceptions to this general rule, however, and it is well-settled that a "district court does not lose jurisdiction when the litigant takes an appeal from an unappealable order." *United States v. Jones*, 367 F. App'x. 482, 484 (4th Cir. 2010) (citing *Griggs*, 459 U.S. at 58); *see also United States v. Rodgers*, 101 F.3d 247, 251-52 (2d Cir. 1996); *Ruby v. Secretary of United States Navy*, 365 F.2d 385, 389 (9th Cir. 1966);

*Woods v. Attorney General of Maryland*, Civil Action No. WDQ-12-1260, 2012 WL 6042834, at *2 (D. Md. Dec. 3, 2012) (ruling on the petitioner's habeas corpus petition even though petitioner had appealed court's earlier denial of motion to recuse because an "order denying recusal is not an appealable interlocutory or collateral order").

Here, Defendant's first notice of appeal directed to the Fourth Circuit [DE-30] indicates he is appealing this court's order filed on January 27, 2014 [DE-21]. Again, that order denied Defendant's various "appeals" and also allowed his motion for extension of time. With regard to the appeals, the court found no error in an reassignment order [DE-12] issued by the Clerk of Court converting the action to a civil case and assigning to the undersigned. The court also found that there was no basis for the undersigned to recuse. The second notice of appeal [DE-32] states that Defendant is appealing "all Orders, Memorandums [sic] and Opinions. In re 5:14-cv-0004-F including the 01/27/2014 Order."

The January 27, 2014, Order [DE-21] is not a "final decision." *See* 28 U.S.C. § 1291. Nor is it an "appealable interlocutory or collateral order." *See United States v. Parker*, 428 F. App'x 260 (4th Cir. 2011) (per curiam) (explaining that an appeal from a district court order denying a motion to recuse or disqualify was not an "appealable" order); *see also* 28 U.S.C. § 1292. Nor is any other order preceding the instant one. Accordingly, because Defendant "has taken an appeal from an unappealable order," this court is not divested of jurisdiction over this action. *Jones*, 267 F. App'x at 484.

### III. DISCUSSION

A district court may "designate a magistrate judge to submit . . . proposed findings of fact and recommendations for the disposition of a variety of motions." 28 U.S.C. § 636(b)(1)(B). The court

4

then must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

The court has reviewed the M&R and the record in this case, including (but not limited to) each of the documents filed by Defendant in response to the M&R. There is no federal question presented in this action; therefore, the only proper basis for jurisdiction in this court would be diversity jurisdiction. Even if the court assumes that the amount in controversy requirement is satisfied, the court nevertheless agrees with Judge Gates that the application of the domestic relations exception is appropriate. The action Defendants seeks to remove concerns the custody of his biological daughter, a matter over which this court does not have authority to rule. *See Cole v. Cole*, 633 F.2d 1083, 1087 (4th Cir. 1980) ("[T]he district courts hve no original diversity jurisdiction to grant a divorce, to award alimony, to determine child custody, or to decree visitation."). Nothing in the voluminous filings by Defendant changes this analysis. Indeed, only two of Defendant's filings, the motions filed pursuant to Rules 58 and 59 [DE-24; DE-25] address the domestic relations exception. The main case he relies on therein, *Lloyd v. Loeffler*, 694 F.2d 489 (7th Cir. 1982), is easily distinguishable from the record here. In *Lloyd*, the Seventh Circuit Court of Appeals determined that the domestic relations exception did not apply to an action for tortious interference with custody of a child. *Id.* at 490. Here, however, Defendant seeks to remove a case which, at bottom, concerns a determination of custody of a child. Accordingly, the court finds that it does not have subject matter jurisdiction over this action.

Alternatively, the court concludes that in the current posture of the juvenile proceeding–i.e.,

5

one that is closed in state court–this court cannot exercise jurisdiction over what is essentially an appeal from state court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) ("Review of [state-court] determinations can be obtained only in [the Supreme Court].").

Accordingly, after a *de novo* review, the court finds that this court has no original jurisdiction over this action as required by the removal statute, 28 U.S.C. § 1441(a). Remand of this action is therefore appropriate pursuant to 28 U.S.C. § 1447(c).

## IV. CONCLUSION

For the foregoing reasons, the court accepts the M&R [DE-13]. Because this court does not have original jurisdiction over this action, the court ORDERS that the action be remanded to the Wake County District Court. All other pending motions are DENIED as moot.

SO ORDERED

This the 3rd day of March, 2014.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge